552 S.E.2d 34

**In the Matter of W. Jeffrey McGURK, Respondent.**

**No. 25351.**

Supreme Court of South Carolina.

Submitted Aug. 7, 2001.

Decided Aug. 27, 2001.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

W. Jeffrey McGurk, of Spartanburg, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement. The facts as set forth in the agreement are as follows.

### *Facts*

Respondent represented a client in a property dispute involving a home that was owned jointly by the client and the client's ex-girlfriend. The ex-girlfriend entered into a relationship with a St. George police officer who was involved in a pending divorce and child custody matter. After learning that the officer and the ex-girlfriend had rendezvoused on the property at the center of the dispute between the client and

the ex-girlfriend, respondent sent a letter warning the officer not to enter that property. The letter stated that the officer's "failure to abide by this no trespass notice will result in the immediate procurement of a warrant for your arrest for trespass after notice." The letter also suggested that the officer threatened physical harm to the client. Respondent sent copies of this letter to the St. George, Seneca, and Clemson University Police Departments, as well as the attorneys and the guardian ad litem in the divorce matter.

## Law

Respondent admits that his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 3.1 (asserting a frivolous claim or contention); Rule 4.1 (making a false statement of material fact or law to a third person); Rule 4.4 (using means that have no purpose other than to embarrass, delay, or burden); Rule 4.5 (threatening to present criminal charges solely to obtain an advantage in a civil matter); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

Respondent also admits that he violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or tending to bring the legal profession into disrepute); and Rule 7(a)(6 ) (violating the oath of office taken upon admission to practice law in South Carolina).

## Conclusion

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and hereby reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.