799 S.E.2d 910

**In the MATTER OF William Jeffrey MCGURK, Respondent.**

**Appellate Case Nos. 2017-000508 and 2017-000564**
**Opinion No. 27717**

Supreme Court of South Carolina.

Submitted April 24, 2017
Filed May 11, 2017

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Jeffrey McGurk, of Spartanburg, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed six (6) months. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the imposition of discipline. We accept the Agreement and suspend respondent from the practice of law in this state for six (6) months and impose

other conditions as specified in the conclusion of this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

 Respondent represented Complainant as post-conviction relief (PCR) counsel at an evidentiary hearing on September 15, 2007. The judge denied PCR but found Complainant was entitled to a belated review of his direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). The State consented to the belated appeal. The final order in the PCR action was filed on November 5, 2007. Respondent did not serve and file a Notice of Appeal with the Supreme Court of South Carolina as required by Rule 243, SCACR, and Rule 71.1(g) of the South Carolina Rules of Civil Procedure (SCRCP).

On April 3, 2013, Complainant filed a *pro se* notice of appeal along with a petition for belated appellate review with this Court. On April 17, 2013, this Court sent a letter to respondent advising him that Complainant had filed a *pro se* notice of appeal. This Court reminded respondent that he remained counsel of record for Complainant pursuant to Rule 71.1(g), SCRCP. This Court requested respondent advise this Court of the date on which he received written notice of entry of the final order in the PCR matter and directed that the information be submitted within ten (10) days of the April 17, 2013, letter. Respondent failed to respond to this Court's request.[1]

On June 26, 2013, this Court dismissed the Complainant's notice of appeal due to respondent's failure to establish the timeliness of the service of the notice of appeal. Respondent took no further action on Complainant's case.

Respondent admits he failed to communicate with Complainant about the appeal, claiming that he believed his responsibilities ended with the denial of PCR and that an appellate defender would assume representation of Complainant. Respondent acknowledges that his failure to understand the applicable rules is not a defense to misconduct.

---

1. Further, although not mentioned in the parties' Agreement for Discipline by Consent, by letter dated May 8, 2013, this Court again requested respondent provide the information it had requested in its earlier letter. Respondent also failed to respond to this letter.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a definite suspension from the practice of law in this state for six (6) months.[2] Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within nine (9) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

Prior to the Commission's submission of this Agreement to the Court, respondent submitted a request for permission to resign as a member of the South Carolina Bar. As required by Rule 409, SCACR, he acknowledges that, if his resignation is accepted, he will have to fully comply with all licensing requirements, including passing the bar examination, in the event he wishes to practice law in this state in the future.

Once respondent has filed the affidavit required by this opinion and provided proof that he has paid in full the costs

2. Respondent's disciplinary history includes a public reprimand in 2001, *In the Matter of McGurk*, 346 S.C. 224, 552 S.E.2d 34 (2001), an admonition in 2009, and letters of caution issued in 2003, 2006 and 2010. *See* Rule 2(r), RLDE; Rule 7(b)(4), RLDE.

ordered in this opinion, the Court will accept his resignation as a member of the South Carolina Bar.

**DEFINITE SUSPENSION.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.